**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0911-18T1

SHARI L. POLLAK,

     Plaintiff-Respondent,

v.

DAVID KALEN,

     Defendant-Appellant.

_____

     Submitted November 4, 2019 – Decided January 8, 2020

     Before Judges Messano and Vernoia.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0469-06.

     David Kalen, appellant pro se.

     Jill Lisa Gropper, attorney for respondent.

PER CURIAM

     Defendant David Kalen and plaintiff Shari L. Pollak were married in 1991 and together had three children, who were born in 1993, 1996 and 2000.

Plaintiff filed a divorce complaint in 2005, and, following trial, the court entered an amended final judgment of divorce on December 18, 2008. A December 2016 consent order modified the parties' obligations, specifically with respect to defendant's child support and arrears, and the parties' respective percentage obligations for the children's unreimbursed medical expenses.[1]

Motion practice continued unabated, however, leading to Judge Kimarie Rahill's February 2018 order that addressed plaintiff's motion to enforce litigant's rights and defendant's cross-motion which sought, among other things, to schedule a plenary hearing, to declare plaintiff wholly responsible for the children's medical costs, and to compel reunification therapy. Plaintiff moved for reconsideration, and defendant responded, incorporating, through counsel's certification, essentially the same requests for relief sought in the earlier cross-motion. Defendant did not file a cross-motion. After considering oral argument, Judge Rahill entered an order on June 5, 2018. The judge granted in part and denied in part plaintiff's request for reconsideration, stating her reasons in a comprehensive written opinion.

On July 9, 2018, defendant filed a motion seeking reconsideration of both the February and June orders. Defendant requested that the court vacate the

---

[1] The actual order is not in the record.

A-0911-18T1

June order; require "financial disclosure to recalculate child support based upon emancipation" of one of the children; schedule the matter for a plenary hearing; and provide for a "conference relating to anticipated motion practice."

The court's August 10, 2018 order disposed of defendant's motion for reconsideration. Judge Rahill denied defendant's requests for counsel fees, a plenary hearing and a conference. However, she only denied in part defendant's request for financial disclosure by plaintiff in order to recalculate child support obligations based on the parties' son's emancipation. The judge ordered an exchange of updated Case Information Statements within fourteen days "so that [the] child support amount can be recalculated in view of . . . emancipation as of January 1, 2018."

In her written statement of reasons, the judge appropriately set forth the standard for reconsideration. She first noted that the June 2018 order was the result of plaintiff's motion for reconsideration, and, while defendant opposed the motion and his counsel orally argued in opposition, defendant never filed a cross-motion seeking relief. To the extent defendant sought reconsideration of the February order, it was, of course, time-barred. See R. 4:49-2 (requiring the motion for reconsideration be served within twenty days).

A-0911-18T1

The judge concluded that defendant's motion for reconsideration "d[id] not provide any new facts that were not previously known and . . . that were not previously raised as a response to [p]laintiff's . . . [m]otion for [r]econsideration." She then addressed each of defendant's asserted reasons supporting reconsideration and explained in detail why the relief was unwarranted.

Defendant filed this appeal on September 25, 2018, after we granted him leave to file as within time. Our order limited the appeal only to consideration of the August 10, 2018 order denying his motion for reconsideration.

Defendant argues the judge gave no more than a cursory review of his arguments and failed to order a plenary hearing on allegations, first raised months earlier, that plaintiff never consulted him about the children's medical and other expenses.[2] He further contends that contrary to N.J.S.A. 9:2-4, plaintiff failed to properly consult him about child care expenses, despite the parties sharing joint custody, and that she fraudulently misled defendant prior to entering into the consent order.

---

[2] Defendant also asserts the judge should not have decided the motion without oral argument. However, his motion for reconsideration specifically "waived [argument] unless scheduled by the [c]ourt." The judge explained why she did not order oral argument.

A-0911-18T1

We have made it clear that

> [r]econsideration itself is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[.]" It is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion, but
>
>> should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate[,] the significance of probative, competent evidence.
>
> [Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

"[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Id. at 289.

We in turn review the denial of the motion for reconsideration and decide whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

5

We agree substantially with Judge Rahill's reasoning. Defendant failed to demonstrate the court's earlier June 2018 order was "based upon a palpably incorrect or irrational basis, or . . . [that Judge Rahill] either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi, 414 N.J. Super. at 288. Defendant's reconsideration motion was nothing more than the proverbial second bite of the apple.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0911-18T1